**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**TYRONE REID a/k/a
Luqman Abdurrahman,**

      **Petitioner,**

                              **CASE NO. 82-71077**
**v.**                           **HONORABLE DENISE PAGE HOOD**

**WASHTENAW COUNTY CIRCUIT
COURT and FRANK KELLEY,**

      **Respondents.**

_____/

<u>**ORDER DENYING MOTION OBJECTING TO ORDER DENYING MOTION FOR
RELIEF FROM JUDGMENT, MOTION TO UPHOLD CLERK'S VIOLATION
AND MOTION TO REPORT FRAUD**</u>

      This matter comes before the Court on Petitioner's motions entitled, "Motion Objecting to Order Denying Motion for Relief from Judgment," "Motion to Uphold the Clerk's Violation of Fed. R. Civ. Proc. 79(c) Civil Judgments and Orders," and "Motion on violation of Fed. R. Civ. P. Rule 58 Entering Judgment in a Separate Document to Uphold No Reporting the Fraud of Patricia J. Boyle and to Uphold No Objection on Petitioner Being Denied Access to Court as Served on the Honorable Damon J. Keith."

      Petitioner's Petition for Writ of Habeas Corpus was dismissed on May 13, 1982 by the Honorable Patricia Boyle.  On August 2, 2006, the Sixth Circuit Court of Appeals dismissed Petitioner's appeal as untimely.  *See Reid v. Washtenaw County*, No. 06-1877 (6th Cir. Aug. 2, 2006).  On June 8, 2006, Petitioner filed a Motion to Expose Neglect, alleging that the Clerk of the Court refused to docket his Notice of Appeal and that Judge Boyle had somehow engaged in fraudulent conduct.  This Court denied Petitioner's Motion to Expose Neglect on March 12, 2007 and Petitioner's Motion for Reconsideration on February 7, 2008.   Petitioner filed a Motion for

Relief from Judgment on September 23, 2009 which the Court denied in an Order filed April 9, 2010. The Court addresses below Petitioner's three motions filed since the April 9, 2010 Order.

The first motion, a document entitled "Motion Objecting to Order Denying Motion for Relief from Judgment," filed April 15, 2010, is addressed to the Honorable Damon J. Keith, United States Circuit Judge. Petitioner notes that the "Motion" is not an appeal "but on Judge Hood's lying Court Order as to the fraud of Patricia J. Boyle; then, a record of her neglect to charge the Petitioner with perjury the foregoing is true and correct." (Doc. No. 18) The Court considers this "Motion" as a Motion for Reconsideration of the Court's April 9, 2010 Order.

The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration must be filed within 14 days after entry of the judgment or order. E.D. Mich. LR 7.1(h)(1). No response to the motion and no oral argument thereon shall be allowed unless the Court Orders otherwise. E.D. Mich. LR 7.1(h)(2). The Local Rule further states:

> (3)  **Grounds**.  Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3). A motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have brought up earlier. *Sault Ste. Marie Tribe v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)(motions under Fed.R.Civ.P. 59(e) "are aimed at *re* consideration, not initial consideration")(citing *FDIC v. World Universal Inc.,* 978 F.2d 10, 16 (1st Cir.1992)).

In this "Motion," Petitioner "rehashes" the same arguments regarding Judge Boyle's Order

2

denying his Petition for Writ of Habeas Corpus issued more than 28 years ago in 1982, which the Court of Appeals dismissed in 2006.  Petitioner's "Motion" is denied.

The second motion is a "Motion to Uphold the Clerk's Violation" which is addressed to Attorney Leon Barak essentially stating that the Clerk's Office acted "to certify a lying docket card" and that the judgment is void.  It appears the "Motion" was filed to make the Michigan Parole Board, Mr. Barak's office and the Clerk's Office "aware of the lying denials of Patricia J. Boyle as fraud upon the court has no statute of limitation" and that the Michigan Parole Board lacks jurisdiction over Petitioner.  (Doc. No. 19)  This "Motion" again appears to present the same argument--that Judge Boyle's Order denying his Petition for Writ of Habeas Corpus was improper. The Court of Appeals and this Court have addressed this issue previously as noted above.  The Court denies Petitioner's "Motion to Uphold the Clerk's Violation."

The third motion is a "Motion on Violation of Fed. R. Civ. Proc. Rule 58" which appears to be a "record of the Attorney Generals for Michigan is and has neglect to report the fraud of Patricia J. Boyle" along with the "Administrative Office of the United States Courts has neglect to report the fraud of Patricia J. Boyle."  (Doc. No. 20)   Again, this "Motion" raises the same arguments previously brought by Petitioner regarding Judge Boyle's Order issued in 1982.  The Court of Appeals and this Court have addressed Petitioner's request to review Judge Boyle's Order.  The Court denies Petitioner's "Motion on Violation of Fed. R. Civ. Proc. Rule 58."  Accordingly,

IT IS ORDERED that Petitioner's "Motion Objecting to Order Denying Motion for Relief from Judgment," docketed as a "Response" **[No. 18, filed April 15, 2010]** is DENIED.

IT IS FURTHER ORDERED that Petitioner's  "Motion to Uphold the Clerk's Violation of Fed. R. Civ. Proc. 79(c) Civil Judgments and Orders" **[No. 19, filed May 5, 2010]** is DENIED.

IT IS FURTHER ORDERED that Petitioner's "Motion on violation of Fed. R. Civ. P. Rule 58 Entering Judgment in a Separate Document to Uphold No Reporting the Fraud of Patricia J. Boyle and to Uphold No Objection on Petitioner Being Denied Access to Court as Served on the Honorable Damon J. Keith" **[No. 20, filed July 19, 2010]** is DENIED.


s/Denise Page Hood_____
Denise Page Hood
UNITED STATES DISTRICT JUDGE


Dated:  March 9, 2011


I hereby certify that a copy of the foregoing document was mailed to Tyrone Reid #125860, 3001 Newberry Ave., Newberry, MI 49868 and the attorneys of record on this date, March 9, 2011, by electronic and/or ordinary mail.


s/LaShawn R. Saulsberry_____
Relief Case Manager, (313) 234-5165