UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


**TYRONE REID, also known as**
**LUQMAN ABDURRAHMAN,**

        **Petitioner,**

v.                                    CASE NO. 82-71077
                                      HONORABLE DENISE PAGE HOOD

**WASHTENAW COUNTY CIRCUIT**
**COURT and FRANK KELLEY,**

        **Respondents.**
_____/

**ORDER DENYING MOTION FOR RECUSAL AND**
**DENYING MOTION TO PROVE CERTIFIED CRIME VICTIM IS INNOCENT**

**I.   BACKGROUND**

This matter comes before the Court on Petitioner's Motion for Recusal and Motion to Prove Certified Crime Victim is Innocent. On May 13, 1982, United States District Judge Patricia Boyle summarily dismissed Petitioner's Petition for a Writ of Habeas Corpus. Petitioner filed a Notice of Appeal on May 18, 2006. On August 2, 2006, the Sixth Circuit Court of Appeals dismissed Petitioner's appeal as untimely. *See Reid v. Washtenaw County*, No. 06-1877 (6th Cir. Aug. 2, 2006). Since the Sixth Circuit's ruling, Petitioner has filed various motions, letters, exhibits and documents before this Court. The ongoing claims in Petitioner's submissions are essentially that the Clerk of the Court has committed fraud regarding the docket of his case and that Judge Boyle engaged in fraudulent conduct. This Court denied Petitioner's Motion to Expose Neglect on March 12, 2007. This Court denied Petitioner's various motions on these issues. *See Doc. Nos. 7, 9, 17, and 21.* As this Court and the Sixth Circuit Court of Appeals have held, Petitioner has not established any fraudulent conduct on the part of either Judge Boyle or the Clerk of the Court.

Petitioner's post-judgment motions or any appeal, are untimely and Petitioner is not entitled to relief from judgment pursuant to Rule 60(b).

## II.    MOTION FOR RECUSAL

In his Motion for Recusal, Petitioner asserts that the undersigned is unable to accept the truth about Judge Boyle's fraud based on the Order Denying Motion Objecting to Order Denying Motion for Relief from Judgment, Motion to Uphold Clerk's Violation and Motion to Report Fraud entered on March 9, 2011.  Essentially, Petitioner does not agree with this Court's ruling.   Recusal in the federal courts is governed primarily by the federal recusal statute, 28 U.S.C. § 455. *Bell v. Johnson,* 404 F.3d 997, 1004 (6th Cir. 2005).  The trial judge herself must rule on a motion to recuse under 28 U.S.C. § 455.  *See In re Drexel Burnham Lambert, Inc.,* 861 F.2d 1307, 1312 (2d Cir. 1988)("Discretion is confided in the district judge in the first instance to determine whether to disqualify [herself].").  Sixth Circuit cases have noted that a recusal motion is committed to the sound discretion of the district court and the standard of review is whether the court abused its discretion. *Wheeler v. The Southland Corp.,* 875 F.2d 1246, 1251 (6th Cir. 1989); *United States v. Sammons,* 918 F.2d 592, 599 (6th Cir. 1990); *Easley v. University of Michigan Bd. of Regents,* 853 F.2d 1351, 1356-58 (6th Cir. 1988); *United States v. Sturman,* 951 F.2d 1466 (6th Cir. 1991); *Rhodes v. McDaniel,* 945 F.2d 117 (6th Cir. 1991); *In re Aetna Cas. & Sur. Co.,* 919 F.2d 1136 (6th Cir. 1990).  Section 455(a) is the "catchall" recusal provision which states, "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  Prejudice or bias sufficient to justify recusal must be personal or extrajudicial. *In re M. Ibrahim Khan, P.S.C.,* 751 F.2d 162, 164 (6th Cir. 1984).  "Personal bias is prejudice that emanates from some source other than participation in the proceedings or prior contact

with related cases." *United States v. Nelson,* 922 F.2d 311, 319-20 (6th Cir.1990).  Personal bias finding its source in the judge's view of the law is not sufficient to warrant disqualification. *United States v. Story,* 716 F.2d 1088, 1090 (6th Cir.1983).  Disagreement with a judge's decision or ruling is not a basis for disqualification. *Liteky v. United States,* 510 U.S. 540, 555-56 (1994).

In this case, Petitioner disagrees with the undersigned's decision.  Petitioner has not shown that the Court is personally biased against his case.  It is noted that there is no longer a controversy before this Court since a Judgment was entered against Petitioner on May 17, 1982.  Petitioner appealed the Judgment, almost 24 years after the Judgment was entered, which was dismissed by the Sixth Circuit Court of Appeals as untimely. *See Doc. No. 6.*  The merits are no longer before this Court.  The Court denies Petitioner's Motion for Recusal.

### III.     MOTION TO PROVE CERTIFIED CRIME VICTIM IS INNOCENT

Petitioner's Motion to Prove Certified Crime Victim is Innocent is denied, the Court considering the motion as another Motion for Reconsideration and/or a Motion for Relief from Judgment.  Nothing in the Rules of Civil Procedure and/or Local Rules provide that a party may file several Motions for Reconsideration or Motions for Relief from Judgment.  The Court denies the instant motion for the reasons set forth in various Orders entered by the Court and by the Sixth Circuit Court of Appeals.

### IV.     CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Petitioner's Motion for Recusal **[Doc. No. 22, filed March 21, 2011]** is DENIED.

IT IS FURTHER ORDERED that Petitioner's Motion to Prove Certified Crime Victim is

Innocent **[Doc. No. 28, filed July 21, 2011]** is DENIED.

                                                          s/Denise Page Hood
                                                          United States District Judge

Dated: September 15, 2011

I hereby certify that a copy of the foregoing document was served upon Tyrone Reid #125860, 2400 South Seridan Road, Muskegon, MI 49442-6268 and counsel of record on September 15, 2011, by electronic and/or ordinary mail.

                                                          s/LaShawn R. Saulsberry
                                                          Case Manager