UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**TYRONE REID a/k/a**
**Luqman Abdurrahman,**

    **Petitioner,**

                                                       **CASE NO. 82-71077**
**v.**                                         **HONORABLE DENISE PAGE HOOD**

**WASHTENAW COUNTY CIRCUIT**
**COURT and FRANK KELLEY,**

    **Respondents.**
_____/

### ORDER DENYING POST-JUDGMENT MOTIONS

This matter is before the Court on Petitioner's motions entitled, "Motion to Prove No Cooperation in the Failure to Report the Fraud of Retired Federal Judge Patricia Boyle" and "Motion Rule 60(b)(1) Mistake, Inadvertence, or Excusable Neglect." Petitioner has filed several post-judgment motions and appeals to the Sixth Circuit Court of Appeals. The latest appeal was dismissed by the Sixth Circuit on November 18, 2011 for want of prosecution. (Doc. No. 38)

Petitioner's Petition for Writ of Habeas Corpus was dismissed on May 13, 1982 by the Honorable Patricia Boyle. On August 2, 2006, the Sixth Circuit Court of Appeals dismissed Petitioner's appeal as untimely. *See Reid v. Washtenaw County*, No. 06-1877 (6th Cir. Aug. 2, 2006). The Court has since entered several orders in this matter:

        1) Order Denying Motion to Expose Neglect (Doc. No. 7, 3/12/2007)
        2) Order Denying Motion for Reconsideration (Doc. No. 9, 2/7/2008)
        3) Order Denying Motion for Relief from Judgment (Doc. No. 17, 4/19/2010)
        4) Order Denying Motion Objecting to Order Denying Motion for Relief from Judgment, Motion to Uphold Clerk's Violation and Motion to Report Fraud (Doc. No. 21, 3/9/2011)
        5) Order Denying Motion for Recusal and Denying Motion to Prove Certified Crime Victim is Innocent (Doc. No. 31, filed 9/15/2011)

The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration must be filed within 14 days after entry of the judgment or order. E.D. Mich. LR 7.1(h)(1). No response to the motion and no oral argument thereon shall be allowed unless the Court Orders otherwise. E.D. Mich. LR 7.1(h)(2). The Local Rule further states:

> (3) **Grounds**. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3). A motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have brought up earlier. *Sault Ste. Marie Tribe v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)(motions under Fed.R.Civ.P. 59(e) "are aimed at *re* consideration, not initial consideration")(citing *FDIC v. World Universal Inc.,* 978 F.2d 10, 16 (1st Cir.1992)). The Court may also review matters after a judgment has been filed under Rule 60(b) of the Federal Rules of Civil Procedures which provides that,

> [T]he court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The standard under Rule 60(b) is significantly higher than the Rule 59(e)

standard. *Feathers v. Chevron U.S.A., Inc.,* 141 F.3d 264, 268 (6th Cir. 1998). Motions based on (1), (2) and (3) must be filed no more than a year after the entry of the judgment or order. Fed. R. Civ. P. 60(c)(1). Under the catch-all provision in subsection (6), the Sixth Circuit has held that a Rule 60(b)(6) motion must be based upon some reason other than those stated in subsections (1) to (5). *Smith v. Secretary of Health and Human Services*, 776 F.2d 1330, 1333 (6th Cir. 1985). Extraordinary circumstances are needed to grant relief under Rule 60(b)(6). *Id.*

Plaintiffs' latest motions re-hash the same issues raised previously regarding the alleged fraud by Judge Boyle and the Clerk of Court. Petitioner's Rule 60(b)(1) motion asserting fraud, inadvertence and excusable neglect is untimely since it is filed well after the one year limitation under Fed. R. Civ. P. 60(b)(1). The Judgment in Petitioner's case was entered in 1982. In any event, the Rule 60(b)(1) motion, along with Petitioner's previous motions re-hash the same arguments previously raised by Petitioner.

Accordingly,

IT IS ORDERED that Petitioner's "Motion to Prove No Cooperation in the Failure to Report the Fraud of Retired Federal Judge Patricia Boyle" **[No. 37, filed October 14, 2011]** is DENIED.

IT IS FURTHER ORDERED that Petitioner's "Motion for Rule 60(b)" **[No. 39, filed December 14, 2011]** is DENIED.

                                                      S/Denise Page Hood
                                                      Denise Page Hood
                                                      United States District Judge

Dated: March 2, 2012

I hereby certify that a copy of the foregoing document was served upon Tyrone Reid #125860, 2400 South Seridan Road, Muskegon, MI 49442-6298 and counsel of record on March 2, 2012, by electronic and/or ordinary mail.

                                            S/LaShawn R. Saulsberry
                                            Case Manager